Case 7:24-cv-00159   Document 9   Filed on 03/11/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| LAZARO CRIBEIRO | § |
| | § CIVIL ACTION NO. 7:24-CV-159 |
| VS. | § |
| | § |
| UNITED STATES OF AMERICA | § |

## REPORT AND RECOMMENDATION

Petitioner Lazaro Cribeiro, an immigration detainee, initiated this action by filing his "Motion to terminate unnecessary imprisonment on the basis of arbitrary detention and unconstitutional arrest," which will be construed as a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Docket No. 1.) At the time of the filing, Petitioner was in custody of U.S. Immigration authorities, being held at El Valle Detention Center in Raymondville, Texas. Petitioner claimed that his detention was unconstitutional and was petitioning the Court to terminate his imprisonment. (*Id.*)

Pending is the Motion to Dismiss filed by Respondent United States. (Docket No. 3.) Respondent argues that there is lack of subject matter jurisdiction and the matter is now moot as the Petitioner was released and his requested relief has already been afforded.

After carefully considering Petitioner's § 2241 motion and the Respondent's Motion to Dismiss, the undersigned concludes that the Respondent's Motion to Dismiss should be GRANTED and that the Petitioner's § 2241 motion should be DENIED as moot.

### I. BACKGROUND

In his § 2241 motion filed on April 18, 2024, Petitioner states his means of detention. (Docket No. 1). Petitioner states that he was stopped by a Sheriff Officer in Brownsville, Texas

on March 22, 2024,[1] and that he was detained to run his fingerprints at the Border Patrol station. (*Id.* at 1.) He claims that after a medical incident resulting in a 4-day hospital stay, he was then taken to El Valle Detention Facility in Raymondville, Texas. (*Id.* at 1.) Petitioner then recounts his immigration history, including that he was ordered deported by an immigration judge in Houston, Texas in 1998, but that after 6 months in custody, the Cuban government denied his return to Cuba, and he was released from immigration custody. (*Id.* at 1.) He further claims, that in 2013, after committing a crime, he was again sent to immigration custody and held for 6 months before being released again because the Cuba denied his return. (*Id.* at 2.) Ultimately, in his petition, Petitioner requested the Court reinstate his immigration supervision and terminate his imprisonment. (*Id.* at 2.)

On August 20, 2024, Respondent filed its Motion to Dismiss. (Docket No. 3). In it, Respondent states that the Petitioner was released from El Valle Detention center on May 6,

---

[1] His factual summary differs, though not materially, from what was provided by the Respondent. On September 10, 2024, the undersigned held an evidentiary hearing to determine why the Petitioner continued to be detained after his prior detentions. In the Respondent's Advisory Memorandum to the Court, the Respondent provides further detail as to the Petitioner's immigration and criminal history. (Docket No. 8). The following is a summary of the affidavit provided by Gilbert A. Cardona, Supervisory Detention and Deportation Officer (Docket No. 8-1):

In 1998, Petitioner was ordered removed and was in fact held in immigration custody for the 90-day mandatory detention period before being released. In 2016, he was convicted of a federal drug conviction and sentenced to 70 months (credit for custody since 2013), and taken to immigration custody on August 6, 2018, on the termination of his federal incarceration. At that time, he was nominated to be removed to Cuba, but was released on supervision on November 9, 2018 when the Cuban government denied his nomination. On the present matter, Respondent states that ethe Petitioner was apprehended by the Cameron County Sheriff's Office on March 25, 2024. The Sheriff's Office was assisting with Operation "Stone Garden" when the Petitioner was observed with a group of individuals believed to have crossed illegal but who turned back to Mexico after being detected and were not arrested. He was taken for medical attention and then to ICE custody at the El Valle Detention Facility in Raymondville, Texas on April 1, 2024. Again, Immigration submitted another nomination to Cuba in an attempt to execute the 1998 removal order. That was denied on May 6, 2024, and he was released that same day on an Order of Supervision.

2024. (*Id.* at 2.) They argue that the federal court now lacks jurisdiction as the matter is now moot as there is no "actual, ongoing case[] or controvers[y]." (*Id.* at 3, citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 72 (1983).)

## II. ANALYSIS

### A. 28 U.S.C. § 2241

Section 2241 provides for the grant of the writ of habeas corpus on the application of a prisoner if he is held "in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also I.N.S. v. St. Cyr*, 533 U.S. 289, 305 (2001). A claim that he was unlawfully detained would arise under § 2241. *See United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994) (construing prisoner's claim as a § 2241 petition where he argued that prison officials erred in not running his federal sentence concurrently with his state sentence); *see also Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle where "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration").

### B. The Court Lacks Subject Matter Jurisdiction

As noted, Petitioner's sole relief in this § 2241 habeas action is that his immigration supervision be reinstated and his imprisonment be terminated. As the Respondent has stated, that relief has been afforded. Petitioner was released from immigration detention on May 6, 2024, about 18 days after his initial petition was filed. Because there is no current controversy, the Court no longer has jurisdiction over this matter. Even though Petitioner may have had a claim at the time of the filing, because that "controversy no longer exists, a claim based on that controversy is moot." *John Doe #1 v. Veneman*, 380 F.3d 807, 814 (5th Cir. 2004). Thus, as

3

Respondent has aptly stated, where a term of detention expires during the pendency of the habeas action challenging it, the habeas action becomes moot, and the Court no longer has subject matter jurisdiction. (Docket No. 3, at 4, (citing *Lane v. Williams,* 455 U.S. 624, 631 (1982).)

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss (Docket No. 3) be GRANTED, that Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be DENIED as moot, and that this action be DISMISSED. It is further recommended that Petitioner be denied a certificate of appealability as unnecessary.[2]

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to counsel for Petitioner and counsel for the Government, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b). Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on March 11, 2025.

_____
Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE

---

[2] A petitioner "proceeding under § 2241 . . . is not required to obtain a certificate of appealability to pursue [a direct] appeal." *Washington v. Chandler,* 533 F. App'x 460, 461 (5th Cir. 2013) (citing *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001)).